1  K. Randolph Moore, Esq. SBN 106933
   MOORE LAW FIRM, P.C.
2  332 N. Second Street
   San Jose, CA 95112
3  Telephone (408) 271-6600
   Facsimile (408) 298-6046
4
   Attorneys for Plaintiff
5  Anthony Lerma

6

7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10  ANTHONY LERMA,                CV 10-01911

11          Plaintiff,            **Plaintiff's Complaint**

12      vs.

13  SOONG CHIN, SANDRA CHIN;
    LEE'S SANDWICHES NCA, INC. dba
14  LEE'S SANDWICHES; CELESTE
    MELGOZA MONSE dba YUM YUM
15  DONUTS, BEST AMERICAN
16  SERVICES, INC. dba BASKIN
17  ROBBINS,

18          Defendants.
19

20

21                  I.    SUMMARY

22      1.    This is a civil rights action by plaintiff ANTHONY LERMA

23  ("Lerma") for discrimination at the building, structure, facility, complex,

24  property, land, development, and/or surrounding business complex known as:

25  Common Areas
    2302-2309 McKee Rd.
26  San Jose, CA 95116
27  (hereinafter "2302-2309 McKee Common Area")
    Lee's Sandwiches
28  *Lerma v. Chin, et al.*

    Plaintiff's Complaint

1  2307 McKee Road
2  San Jose, CA  95116
   (hereinafter  "Lee's Sandwiches Facility")
3

4  Yum Yum Donuts Store #9193
   2309 McKee Road
5  San Jose, CA  95116
6  (hereinafter "Yum Yum Donuts Facility")

7
   Baskin Robbins Store
8  2303 McKee Road
9  San Jose, CA  95116
   (hereinafter  "Baskin Robbins Facility")
10

11  2.    Pursuant to the Americans with Disabilities Act of 1990, (42 U.S.C. §§

12  12101 et seq.), and related California statutes, LERMA seeks damages, injunctive

13  and declaratory relief, attorney fees and costs, against:

14       a)    SOONG CHIN and SANDRA CHIN (hereafter the "Common Area

15  Defendant");

16       b)    LEE'S SANDWICHES NCA, INC dba LEE'S SANDWICHES

17  (hereafter the "Lee's Sandwiches Defendant");

18       c)    CELESTE MELGOZA MONSE dba YUM YUM DONUTS

19  (hereafter the "Yum Yum Donuts Defendant");

20       d)    BEST AMERICAN SERVICES, INC. dba BASKIN ROBBINS

21  STORE (hereafter the "Baskin Robbins Defendant").

22                      II.    JURISDICTION

23       3.    This Court has original jurisdiction under 28 U.S.C. §§ 1331 and

24  1343 for ADA claims.

25       4.    Supplemental jurisdiction for claims brought under parallel

26  California law – arising from the same nucleus of operative facts – is predicated

27  on 28 U.S.C. § 1367.

28  *Lerma v. Chin, et al.*

    Plaintiff's Complaint

5.      Lerma's claims are authorized by 28 U.S.C. §§ 2201 and 2202.

### III.    VENUE

6.      All actions complained of herein take place within the jurisdiction of the United States District Court, Northern District of California, and venue is invoked pursuant to 28 U.S.C. § 1391(b),(c).

### IV.    PARTIES

7.      The Common Area Defendant owns, operates, manages, and/or leases the 2302-2309 McKee Common Area, and consists of a person (or persons), firm, and/or corporation.

8.      The Lee Sandwiches Defendant owns, operates, manages and/or leases the Lee's Sandwiches Facility, and consists of a person (persons), firm, and/or corporation.

9.      The Yum Yum Donuts Defendant owns, operates, manages and/or leases the Yum Yum Donuts Facility, and consists of a person (persons), firm, and/or corporation.

10.      The Baskin Robbins Defendant owns, operates, manages and/or leases the Baskin Robbins Facility, and consists of a person (persons), firm, and/or corporation.

11.      Lerma was diagnosed with advanced diabetes causing chronic non-healing diabetic ulcers on his legs and feet and degenerative disc disease of his back, radiculopathy and requires the use of a wheelchair when traveling about in public. Consequently, Lerma is "physically disabled," as defined by all applicable California and United States laws, and a member of the public whose rights are protected by these laws.

### V.    FACTS

*Lerma v. Chin, et al.*

Plaintiff's Complaint

12. The 2302-2309 McKee Common Area is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

13. The Lee's Sandwiches Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

14. The Yum Yum Donuts Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

15. The Baskin Robbins Facility is a sales or retail establishment, open to the public, which is intended for nonresidential use and whose operation affects commerce.

16. Lerma visited these facilities and encountered barriers (both physical and intangible) that interfered with – if not outright denied – his ability to use and enjoy the goods, services, privileges, and accommodations offered at the facility.

17. To the extent known by Lerma, the barriers at the 2302-2309 McKee Common Area included, but are not limited to, the following:

1) A warning sign regarding the penalty for unauthorized use of designated disabled parking spaces is not posted conspicuously at EACH entrance to the off-street parking facilities;

2) Each warning sign does not state: "UNAUTHORIZED VEHICLES PARKED IN DESIGNATED ACCESSIBLE SPACES NOT DISPLAYING DISTINGUISHING PLACARDS OR SPECIAL LICENSE PLATES ISSUED FOR PERSONS WITH DISABILITIES WILL BE TOWED AWAY AT OWNER'S EXPENSE. TOWED VEHICLES MAY

*Lerma v. Chin, et al.*

Plaintiff's Complaint

1   BE RECLAIMED AT (Address) OR BY TELEPHONING (Phone

2   Number);

3   3) The correct number of standard accessible and van-accessible parking

4      stalls is not provided on the site;

5   4) Access aisle is not part of an accessible route of travel to the building or

6      facility;

7   5) Parking bumper or curb is not provided to prevent encroachment of cars

8      over the required width of walkways;

9   6) Ramp encroaches into accessible parking spaces or access aisles;

10  7) Surface of the only designated parking space exceeds 1:50 gradient (2.0%);

11  8) The access aisle is not placed on either side of the parking space

12     designated accessible;

13  9) The designated accessible parking space is less than 18' long;

14  10)    The parking space signage is not properly posted;

15  11)    The parking space sign is not located where there is an unobstructed

16     view of the sign from the parking space;

17  12)    The only designated accessible parking space does not have an

18     additional sign stating "Van Accessible" mounted below the Symbol of

19     Accessibility;

20  13)    There is no additional sign below the symbol of accessibility stating

21     "Minimum Fine $250.00";

22  14)    The surface of each accessible parking pace does not have a surface

23     identification duplicating either of the following schemes:

24        a. By outlining or painting the stall or space in blue and outlining on

25           the ground in the stall or space in white or suitable contrasting color

26           a profile view depicting a wheelchair with occupant;

27

28

*Lerma v. Chin, et al.*

Plaintiff's Complaint

b. By outlining a profile view of a wheelchair with occupant in white on blue background.  The profile view shall be located so that it is visible to a traffic enforcement officer when a vehicle is properly parked in the space and shall be 36" high by 36" wide;

15)      The loading and unloading access aisle is not marked by a border that is painted blue;

16)      There are no hatched lines that are a maximum of 36" on center painted with a contrasting color;

17)      The words "NO PARKING" are not painted in white on the ground within each access aisle;

18)      There is no accessible route provided within the boundary of the site to an accessible building entrances from:

a. Public transportation stops;

b. Accessible parking spaces;

c. Accessible passenger loading zones;

d. Public streets and sidewalks.

19)      The accessible route does not coincide, to the maximum extent feasible, with the route for the general traffic;

20)      There is no accessible route connecting accessible buildings, accessible facilities, accessible elements and accessible spaces that are on the site;

21)      Signage containing the International Symbol of Accessibility is not located at every primary public entrance and at every major exterior junction where the accessible route of travel diverges from the regular circulation path along or leading to an accessible route of travel;

22)      An illegal curb ramp encroaches upon parking space;

*Lerma v. Chin, et al.*

Plaintiff's Complaint

23)   The only ramp provided is blocked if any vehicle is parked in the parking space designated accessible;

24)   Sidewalk in front of the store contains cross slope in excess of 1:50 gradient (2.0%);

25)   The ramp is improperly configured, contains excessive surface warping and cross slope;

26)   Finished surface of the ramp does not contrast from adjacent sidewalk.

These barriers prevented Lerma from enjoying full and equal access at the 2302-2309 McKee Common Area.

18.   Lerma was also deterred from visiting the 2302-2309 McKee Common Area Facility because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself) at the 2302-2309 McKee Common Area Facility.  He continues to be deterred from visiting the 2302-2309 McKee Common Area Facility because of the future threats of injury created by these barriers.

19.   To the extent known by Lerma, the barriers at the Lee's Sandwiches Facility included, but were not limited to, the following:

1)   Wheelchair access is not provided to each type of functional activity in the facility;

2)   No accessible seating spaces are provided in each functional area of the facility;

3)   36" minimum width of aisles is not provided within the route of access to goods on display;

4)   There is no accessible counter where food or drinks are served provided;

*Lerma v. Chin, et al.*

Plaintiff's Complaint

5)   Self service shelves are located out of required reach ranges;

6)   Tableware, dishware, condiments, food and beverage display shelves, and dispensing devices are not located within accessible reach ranges;

7)   Entrance doors are not operable with a single effort and hardware provided on the door is not designed to provide passage without requiring the ability to grasp the opening hardware;

8)   It takes less than 3 seconds for the door to close from an open position of 70 degrees;

9)   The landing on each side of the door is not level and clear;

10)   Surface slope of the area outside the entrance door exceeds 1:50 gradient (2%);

11)   Unsecured door and floormats are located throughout the facility.

These barriers prevented Lerma from enjoying full and equal access at the Lee's Sandwiches Facility.

20.   Lerma was also deterred from visiting the Lee's Sandwiches Facility because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself) at the Lee's Sandwiches Facility.  He continues to be deterred from visiting the Lee's Sandwiches Facility because of the future threats of injury created by these barriers.

21.   To the extent known by Lerma, the barriers at the Yum Yum Donuts Facility included, but are not limited to, the following:

1)   Wheelchair access is not provided to each type of functional activity in the facility;

2)   No accessible seating spaces are provided;

4)   There is no accessible counter where food or drinks are served provided;

*Lerma v. Chin, et al.*

Plaintiff's Complaint

5)   Self service shelves are located out of required reach ranges;

6)   Tableware, dishware, condiments, food and beverage display shelves, and dispensing devices are not located within accessible reach ranges;

7)   Entrance doors are not operable with a single effort and hardware provided on the door is not designed to provide passage without requiring the ability to grasp the opening hardware;

8)   It takes less than 3 seconds for the door to close from an open position of 70 degrees;

9)   The landing on each side of the door is not level and clear;

10)   Surface slope of the area outside the entrance door exceeds 1:50 gradient (2%);

11)   Unsecured door and floormats are located throughout the facility.

These barriers prevented Lerma from enjoying full and equal access at the Yum Yum Donuts Facility.

22.   Lerma was also deterred from visiting the Yum Yum Donuts Facility because he became aware that the goods, services, facilities, privileges, advantages, and accommodations were unavailable to physically disabled patrons (such as himself) at the Yum Yum Donuts Facility. He continues to be deterred from visiting the Yum Yum Donuts Facility because of the future threats of injury created by these barriers.

23.   To the extent known by Lerma, the barriers at the Baskin Robbins Facility included, but are not limited to, the following:

1)   Wheelchair access is not provided to each type of functional activity in the facility;

2)   No accessible seating spaces are provided;

4)   There is no accessible counter where food or drinks are served provided;

*Lerma v. Chin, et al.*

Plaintiff's Complaint

1    5)    Self service items are located out of required reach ranges;

2    6)    Tableware, dishware, condiments, food and beverage display

3    shelves, and dispensing devices are not located within accessible reach ranges;

4    7)    Entrance doors are not operable with a single effort and hardware

5    provided on the door is not designed to provide passage without requiring the

6    ability to grasp the opening hardware;

7    8)    It takes less than 3 seconds for the door to close from an open

8    position of 70 degrees;

9    9)    The landing on each side of the door is not level and clear;

10    10)    Surface slope of the area outside the entrance door exceeds 1:50

11    gradient (2%).

12    These barriers prevented Lerma from enjoying full and equal access at

13    the Baskin Robbins Facility.

14    24.    Lerma was also deterred from visiting the Basking Robbins

15    Facility because he became aware that the goods, services, facilities, privileges,

16    advantages, and accommodations were unavailable to physically disabled

17    patrons (such as himself) at the Basking Robbins Facility.  He continues to be

18    deterred from visiting the Basking Robbins Facility because of the future

19    threats of injury created by these barriers.

20    25.    Lerma also encountered barriers at the various facilities which

21    violate state and federal law, but were unrelated to his disability.  Nothing

22    within this complaint, however, should be construed as an allegation that Lerma

23    is seeking to remove barriers unrelated to his disability.

24    26.    Common Area Defendant knew that these elements and areas of

25    the 2302-2309 McKee Common Area were inaccessible, violate state and

26    federal law, and interfere with (or deny) access to the physically disabled.

27    Moreover, Common Area Defendant has the financial resources to remove

28    *Lerma v. Chin, et al.*

Plaintiff's Complaint

1 these barriers from the 2302-2309 McKee Common Area (without much
2 difficulty or expense), and make the 2302-2309 McKee Common Area
3 accessible to the physically disabled. To date, however, Common Area
4 Defendant refuses to either remove those barriers or seek an unreasonable
5 hardship exemption to excuse non-compliance.

6     27. At all relevant times, Common Area Defendant has possessed and
7 enjoyed sufficient control and authority to modify the 2302-2309 McKee
8 Common Area to remove impediments to wheelchair access and to comply with
9 the Americans with Disabilities Act Accessibility Guidelines and Title 24
10 regulations. Common Area Defendant has not removed such impediments and
11 has not modified the 2302-2309 McKee Common Area to conform to
12 accessibility standards. Common Area Defendant has intentionally maintained
13 the 2302-2309 McKee Common Area and in its current condition and has
14 intentionally refrained from altering the 2302-2309 McKee Common Area so
15 that it complies with the accessibility standards.

16     28. Lerma further alleges that the (continued) presence of barriers at
17 the 2302-2309 McKee Common Area is so obvious as to establish Common
18 Area Defendant's discriminatory intent.[1] On information and belief, Lerma
19 avers that evidence of this discriminatory intent includes Common Area
20 Defendant's refusal to adhere to relevant building standards; disregard for the
21 building plans and permits issued for the 2302-2309 McKee Common Area;
22 conscientious decision to the architectural layout (as it currently exists) at the
23 2302-2309 McKee Common Area; decision not to remove barriers from the
24 2302-2309 McKee Common Area; and allowance that Common Area
25 Defendant's property continues to exist in its non-compliance state. Lerma
26 further alleges, on information and belief, that the 2302-2309 McKee Common

27 [1] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

28 Lerma v. Chin, et al.

Plaintiff's Complaint

1  Area is not in the midst of a remodel, and that the barriers present at the 2302-

2  2309 McKee Common Area are not isolated (or temporary) interruptions in

3  access due to maintenance or repairs.[2]

4      29.   Lee's Sandwiches Defendant knew that these elements and areas

5  of the Lee's Sandwiches Facility were inaccessible, violate state and federal

6  law, and interfere with (or deny) access to the physically disabled. Moreover,

7  Lee's Sandwiches Defendant has the financial resources to remove these

8  barriers from the Lee's Sandwiches Facility (without much difficulty or

9  expense), and make the Lee's Sandwiches Facility accessible to the physically

10  disabled. To date, however, Lee's Sandwiches Defendant refuses to either

11  remove those barriers or seek an unreasonable hardship exemption to excuse

12  non-compliance.

13      30.   At all relevant times, Lee's Sandwiches Defendant has possessed

14  and enjoyed sufficient control and authority to modify the Lee's Sandwiches

15  Facility to remove impediments to wheelchair access and to comply with the

16  Americans with Disabilities Act Accessibility Guidelines and Title 24

17  regulations. Lee's Sandwiches Defendant has not removed such impediments

18  and has not modified the Lee's Sandwiches Facility to conform to accessibility

19  standards. Lee's Sandwiches Defendant has intentionally maintained the Lee's

20  Sandwiches Facility and in its current condition and has intentionally refrained

21  from altering the Lee's Sandwiches Facility so that it complies with the

22  accessibility standards.

23      31.   Lerma further alleges that the (continued) presence of barriers at

24  the Lee's Sandwiches Facility is so obvious as to establish Lee's Sandwiches

25  Defendant's discriminatory intent.[3] On information and belief, Lerma avers

26  _____

[2] Id.; 28 C.F.R. § 36.211(b)

27  [3] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

28  *Lerma v. Chin, et al.*

Plaintiff's Complaint

1   that evidence of this discriminatory intent includes Lee's Sandwiches
2   Defendant's refusal to adhere to relevant building standards; disregard for the
3   building plans and permits issued for the Lee's Sandwiches Facility;
4   conscientious decision to the architectural layout (as it currently exists) at the
5   Lee's Sandwiches Facility; decision not to remove barriers from the Lee's
6   Sandwiches Facility; and allowance that Lee's Sandwiches Defendant's
7   property continues to exist in its non-compliance state. Lerma further alleges,
8   on information and belief, that the Lee's Sandwiches Facility is not in the midst
9   of a remodel, and that the barriers present at the Lee's Sandwiches Facility are
10  not isolated (or temporary) interruptions in access due to maintenance or
11  repairs.[4]

12      32.   Yum Yum Donuts Defendant knew that these elements and areas
13  of the Yum Yum Donuts Facility were inaccessible, violate state and federal
14  law, and interfere with (or deny) access to the physically disabled. Moreover,
15  Yum Yum Donuts Defendant has the financial resources to remove these
16  barriers from the Yum Yum Donuts Facility (without much difficulty or
17  expense), and make the Yum Yum Donuts Facility accessible to the physically
18  disabled.  To date, however, Yum Yum Donuts Defendant refuses to either
19  remove those barriers or seek an unreasonable hardship exemption to excuse
20  non-compliance.

21      33.   At all relevant times, Yum Yum Donuts Defendant has possessed
22  and enjoyed sufficient control and authority to modify the Yum Yum Donuts
23  Facility to remove impediments to wheelchair access and to comply with the
24  Americans with Disabilities Act Accessibility Guidelines and Title 24
25  regulations. Yum Yum Donuts Defendant has not removed such impediments
26  and has not modified the Yum Yum Donuts Facility to conform to accessibility

27  _____
    [4] Id.; 28 C.F.R. § 36.211(b)
28
    *Lerma v. Chin, et al.*

    Plaintiff's Complaint

1  standards.  Yum Yum Donuts Defendant has intentionally maintained the Yum
2  Yum Donuts Facility and in its current condition and has intentionally refrained
3  from altering the Yum Yum Donuts Facility so that it complies with the
4  accessibility standards.

5       34.    Lerma further alleges that the (continued) presence of barriers at
6  the Yum Yum Donuts Facility is so obvious as to establish Yum Yum Donuts
7  Defendant's discriminatory intent.[5]  On information and belief, Lerma avers
8  that evidence of this discriminatory intent includes Yum Yum Donuts
9  Defendant's refusal to adhere to relevant building standards; disregard for the
10 building plans and permits issued for the Yum Yum Donuts Facility;
11 conscientious decision to the architectural layout (as it currently exists) at the
12 Yum Yum Donuts Facility; decision not to remove barriers from the Yum Yum
13 Donuts Facility; and allowance that Yum Yum Donuts Defendant's property
14 continues to exist in its non-compliance state.   Lerma further alleges, on
15 information and belief, that the Yum Yum Donuts Facility is not in the midst of
16 a remodel, and that the barriers present at the Yum Yum Donuts Facility are not
17 isolated (or temporary) interruptions in access due to maintenance or repairs.[6]

18      35.    Baskin Robbins Defendant knew that these elements and areas of
19 the Baskin Robbins Facility were inaccessible, violate state and federal law, and
20 interfere with (or deny) access to the physically disabled.  Moreover, Baskin
21 Robbins Defendant has the financial resources to remove these barriers from
22 the Baskin Robbins Facility (without much difficulty or expense), and make the
23 Baskin Robbins Facility accessible to the physically disabled.   To date,
24 however, Baskin Robbins Defendant refuses to either remove those barriers or
25 seek an unreasonable hardship exemption to excuse non-compliance.

26 ---
[5] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

27 [6] Id.; 28 C.F.R. § 36.211(b)

28 *Lerma v. Chin, et al.*

Plaintiff's Complaint

36.     At all relevant times, Baskin Robbins Defendant has possessed and enjoyed sufficient control and authority to modify the Baskin Robbins Facility to remove impediments to wheelchair access and to comply with the Americans with Disabilities Act Accessibility Guidelines and Title 24 regulations. Baskin Robbins Defendant has not removed such impediments and has not modified the Baskin Robbins Facility to conform to accessibility standards. Baskin Robbins Defendant has intentionally maintained the Baskin Robbins Facility and in its current condition and has intentionally refrained from altering the Baskin Robbins Facility so that it complies with the accessibility standards.

37.     Lerma further alleges that the (continued) presence of barriers at the Baskin Robbins Facility is so obvious as to establish Baskin Robbins Defendant's discriminatory intent.[7] On information and belief, Lerma avers that evidence of this discriminatory intent includes Baskin Robbins Defendant's refusal to adhere to relevant building standards; disregard for the building plans and permits issued for the Baskin Robbins Facility; conscientious decision to the architectural layout (as it currently exists) at the Baskin Robbins Facility; decision not to remove barriers from the Baskin Robbins Facility; and allowance that Baskin Robbins Defendant's property continues to exist in its non-compliance state. Lerma further alleges, on information and belief, that the Baskin Robbins Facility is not in the midst of a remodel, and that the barriers present at the Baskin Robbins Facility are not isolated (or temporary) interruptions in access due to maintenance or repairs.[8]

## VI.     FIRST CLAIM

### Americans with Disabilities Act of 1990

[7] E.g., Gunther v. Lin, 144 Cal.App.4th 223, fn.6

[8] Id.; 28 C.F.R. § 36.211(b)

*Lerma v. Chin, et al.*

Plaintiff's Complaint

Denial of "Full and Equal" Enjoyment and Use

(Common Area Defendant)

38.   Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

39.   Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.   42 U.S.C. § 12182(a).

40.   Common Area Defendant discriminated against Lerma by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the 2302-2309 McKee Common Area during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

41.   The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.   42 U.S.C. § 12182(b)(2)(A)(iv).   The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

42.   When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.   Id. § 12182(b)(2)(A)(v).

43.   Here, Lerma alleges that Common Area Defendant can easily remove the architectural barriers at 2302-2309 McKee Common Area without much difficulty or expense, and that Common Area Defendant violated the

*Lerma v. Chin, et al.*

Plaintiff's Complaint

1  ADA by failing to remove those barriers, when it was readily achievable to do
2  so.

3      44.   In the alternative, if it was not "readily achievable" for Common
4  Area Defendant to remove the 2302-2309 McKee Common Area's barriers,
5  then Common Area Defendant violated the ADA by failing to make the
6  required services available through alternative methods, which are readily
7  achievable.

8                 Failure to Design and Construct and Accessible Facility

9      45.   On information and belief, the 2302-2309 McKee Common Area's
10  was designed and constructed (or both) after January 26, 1992 – independently
11  triggering access requirements under Title III or the ADA.

12      46.   The ADA also prohibits designing and constructing facilities or
13  first occupancy after January 16, 1993, that aren't readily accessible to, and
14  usable by, individuals with disabilities when it was structurally practicable to do
15  so. 42 U.S.C. § 12183(a)(1).

16      47.   Here, Common Area Defendant violated the ADA by designing
17  and constructing (or both) the 2302-2309 McKee Common Area's in a manner
18  that was not readily accessible to the physically disabled public – including
19  Lerma – when it was structurally practical to do so.[9]

20              Failure to Make an Altered Facility Accessible

21      48.   On information and belief, the 2302-2309 McKee Common Area's
22  was modified after January 26, 1992, independently triggering access
23  requirements under the ADA.

24      49.   The ADA also requires that facilities altered in a manner that
25  affects (or could affect) its usability must be made readily accessible to
26  individuals with disabilities to the maximum extent feasible. 42 U.S.C. §

27
28  *Lerma v. Chin, et al.*

   Plaintiff's Complaint

12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

50.     Here, Common Area Defendant altered the 2302-2309 McKee Common Area's in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Lerma – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

51.     The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

52.     Here, Common Area Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the 2302-2309 McKee Common Area's, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

53.     Lerma seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

54.     Lerma also seeks a finding from this Court (i.e., declaratory relief) that Common Area Defendant violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

### VII.   SECOND CLAIM

### **Disabled Persons Act**

---

[9] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing *Lerma v. Chin, et al.*

Plaintiff's Complaint

(Common Area Defendant)

55.   Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

56.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

57.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

58.   Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

59.   Here, Common Area Defendant discriminated against the physically disabled public – including Lerma – by denying them full and equal access to the 2302-2309 McKee Common Area.  Common Area Defendant also violated Lerma's rights under the ADA, and therefore, infringed upon or violated (or both) Lerma's rights under the Disabled Persons Act.

60.   For each offense of the Disabled Persons Act, Lerma seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

61.   He also seeks to enjoin Common Area Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

---

this action as a private attorney general under either state of federal statutes.
*Lerma v. Chin, et al.*

Plaintiff's Complaint

## VIII.  THIRD CLAIM

### Unruh Civil Rights Act

### (Common Area Defendant)

62.   Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

63.   California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

64.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

65.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

66.   Common Area Defendant aforementioned acts and omissions denied the physically disabled public – including Lerma – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

67.   These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Lerma by violating the Unruh Act.

68.   Lerma was damaged by Common Area Defendant wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

69.   Lerma also seeks to enjoin Common Area Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

*Lerma v. Chin, et al.*

Plaintiff's Complaint

1

## IX. FOURTH CLAIM

2

**Denial of Full and Equal Access to Public Facilities**

3

(Common Area Defendant)

4    70.    Lerma incorporates the allegations contained in paragraphs 1 through

5  37 of this claim.

6    71.    Health and Safety Code § 19955(a) states, in part, that:  California

7  public accommodations or facilities (build with private funds) shall adhere to the

8  provisions of Government Code §4450.

9    72.    Health and Safety Code § 19959 states, in part, that: Every existing

10  (non-exempt) public accommodation constructed prior to July 1, 1970, which is

11  altered or structurally repaired, is required to comply with this chapter.

12    73.    Lerma alleges the 2302-2309 McKee Common Area is a public

13  accommodation constructed, altered, or repaired in a manner that violates Part 5.5

14  of the Health and Safety Code or Government Code § 4450 (or both), and that the

15  2302-2309 McKee Common Area was not exempt under Health and Safety Code

16  § 19956.

17    74.    Common Area Defendant's non-compliance with these requirements

18  at the 2302-2309 McKee Common Area aggrieved (or potentially aggrieved)

19  Lerma and other persons with physical disabilities.   Accordingly, he seeks

20  injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

21

## X. FIFTH CLAIM

22

**Americans with Disabilities Act of 1990**

23

Denial of "Full and Equal" Enjoyment and Use

24

(Lee's Sandwiches Defendant)

25    75.    Lerma incorporates the allegations contained in paragraphs 1

26  through 37 for this claim.

27

28

*Lerma v. Chin, et al.*

Plaintiff's Complaint

76.    Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation.  42 U.S.C. § 12182(a).

77.    Lee's Sandwiches Defendant discriminated against Lerma by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Lee's Sandwiches Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

78.    The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable.  42 U.S.C. § 12182(b)(2)(A)(iv).  The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

79.    When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable.  Id. § 12182(b)(2)(A)(v).

80.    Here, Lerma alleges that Lee's Sandwiches Defendant can easily remove the architectural barriers at Lee's Sandwiches Facility without much difficulty or expense, and that Lee's Sandwiches Defendant violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

81.    In the alternative, if it was not "readily achievable" for Lee's Sandwiches Defendant to remove the Lee's Sandwiches Facility's barriers, then Lee's Sandwiches Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

*Lerma v. Chin, et al.*

Plaintiff's Complaint

1

Failure to Design and Construct and Accessible Facility

2      82.    On information and belief, the Lee's Sandwiches Facility was

3  designed and constructed (or both) after January 26, 1992 – independently

4  triggering access requirements under Title III or the ADA.

5      83.    The ADA also prohibits designing and constructing facilities or

6  first occupancy after January 16, 1993, that aren't readily accessible to, and

7  usable by, individuals with disabilities when it was structurally practicable to do

8  so. 42 U.S.C. § 12183(a)(1).

9      84.    Here, Lee's Sandwiches Defendant violated the ADA by designing

10  and constructing (or both) the Lee's Sandwiches Facility in a manner that was

11  not readily accessible to the physically disabled public – including Lerma –

12  when it was structurally practical to do so.[10]

13

Failure to Make an Altered Facility Accessible

14      85.    On information and belief, the Lee's Sandwiches Facility was

15  modified after January 26, 1992, independently triggering access requirements

16  under the ADA.

17      86.    The ADA also requires that facilities altered in a manner that

18  affects (or could affect) its usability must be made readily accessible to

19  individuals with disabilities to the maximum extent feasible.   42 U.S.C. §

20  12183(a)(2).  Altering an area that contains a facility's primary function also

21  requires adding making the paths of travel, bathrooms, telephones, and drinking

22  fountains serving that area accessible to the maximum extent feasible. Id.

23      87.    Here, Lee's Sandwiches Defendant altered the Lee's Sandwiches

24  Facility in a manner that violated the ADA and was not readily accessible to the

25  physically disabled public – including Lerma – to the maximum extent feasible.

26

Failure to Modify Existing Policies and Procedures

27

28

*Lerma v. Chin, et al.*

Plaintiff's Complaint

88.    The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

89.    Here, Lee's Sandwiches Defendant violated the ADA by failing to make reasonable modifications in policies, practices, or procedures at the Lee's Sandwiches Facility, when these modifications were necessary to afford (and would not fundamentally alter the nature of) these goods, services, facilities, or accommodations.

90.    Lerma seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

91.    Lerma also seeks a finding from this Court (i.e., declaratory relief) that Lee's Sandwiches Defendant violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XI.    SIXTH CLAIM

### Disabled Persons Act

(Lee's Sandwiches Defendant)

92.    Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

93.    California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

---

[10] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state of federal statutes.
*Lerma v. Chin, et al.*

Plaintiff's Complaint

94. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

95. Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

96. Here, Lee's Sandwiches Defendant discriminated against the physically disabled public – including Lerma – by denying them full and equal access to the Lee's Sandwiches Facility. Lee's Sandwiches Defendant also violated Lerma's rights under the ADA, and therefore, infringed upon or violated (or both) Lerma's rights under the Disabled Persons Act.

97. For each offense of the Disabled Persons Act, Lerma seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

98. He also seeks to enjoin Lee's Sandwiches Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XII. SEVENTH CLAIM

### Unruh Civil Rights Act

(Lee's Sandwiches Defendant)

99. Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

100. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations,

1  advantages, facilities, privileges, or services in all business establishments of
2  every kind whatsoever.

3      101.  California Civil Code § 51.5 also states, in part that: No business
4  establishment of any kind whatsoever shall discriminate against any person in
5  this state because of the disability of the person.

6      102.  California Civil Code § 51(f) specifically incorporates (by
7  reference) an individual's rights under the ADA into the Unruh Act.

8      103.  Lee's Sandwiches Defendant aforementioned acts and omissions
9  denied the physically disabled public – including Lerma – full and equal
10  accommodations, advantages, facilities, privileges and services in a business
11  establishment (because of their physical disability).

12      104.  These acts and omissions (including the ones that violate the
13  ADA) denied, aided or incited a denial, or discriminated against Lerma by
14  violating the Unruh Act.

15      105.  Lerma was damaged by Lee's Sandwiches Defendant wrongful
16  conduct, and seeks statutory minimum damages of four thousand dollars
17  ($4,000) for each offense.

18      106.  Lerma also seeks to enjoin Lee's Sandwiches Defendant from
19  violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and
20  costs incurred under California Civil Code § 52(a).

21                    XIII. EIGHTH CLAIM

22          **Denial of Full and Equal Access to Public Facilities**

23                 (Lee's Sandwiches Defendant)

24      107.  Lerma incorporates the allegations contained in paragraphs 1 through
25  37 of this claim.

26

27

28
    *Lerma v. Chin, et al.*

    Plaintiff's Complaint

108. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

109. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

110. Lerma alleges the Lee's Sandwiches Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Lee's Sandwiches Facility was not exempt under Health and Safety Code § 19956.

111. Lee's Sandwiches Defendant's non-compliance with these requirements at the Lee's Sandwiches Facility aggrieved (or potentially aggrieved) Lerma and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XIV. NINTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(Yum Yum Donuts Defendant)

112. Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

113. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

*Lerma v. Chin, et al.*

Plaintiff's Complaint

114. Yum Yum Donuts Defendant discriminated against Lerma by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Yum Yum Donuts Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

115. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." Id. § 12181(9).

116. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

117. Here, Lerma alleges that Yum Yum Donuts Defendant can easily remove the architectural barriers at Yum Yum Donuts Facility without much difficulty or expense, and that Yum Yum Donuts Defendant violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

118. In the alternative, if it was not "readily achievable" for Yum Yum Donuts Defendant to remove the Yum Yum Donuts Facility's barriers, then Yum Yum Donuts Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

Failure to Design and Construct and Accessible Facility

119. On information and belief, the Yum Yum Donuts Facility was designed and constructed (or both) after January 26, 1992 – independently triggering access requirements under Title III or the ADA.

*Lerma v. Chin, et al.*

Plaintiff's Complaint

Page 28

120. The ADA also prohibits designing and constructing facilities or first occupancy after January 16, 1993, that aren't readily accessible to, and usable by, individuals with disabilities when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

121. Here, Yum Yum Donuts Defendant violated the ADA by designing and constructing (or both) the Yum Yum Donuts Facility in a manner that was not readily accessible to the physically disabled public – including Lerma – when it was structurally practical to do so.[11]

### Failure to Make an Altered Facility Accessible

122. On information and belief, the Yum Yum Donuts Facility was modified after January 26, 1992, independently triggering access requirements under the ADA.

123. The ADA also requires that facilities altered in a manner that affects (or could affect) its usability must be made readily accessible to individuals with disabilities to the maximum extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary function also requires adding making the paths of travel, bathrooms, telephones, and drinking fountains serving that area accessible to the maximum extent feasible. Id.

124. Here, Yum Yum Donuts Defendant altered the Yum Yum Donuts Facility in a manner that violated the ADA and was not readily accessible to the physically disabled public – including Lerma – to the maximum extent feasible.

### Failure to Modify Existing Policies and Procedures

125. The ADA also requires reasonable modifications in policies, practices, or procedures, when necessary to afford such goods, services, facilities, or accommodations to individuals with disabilities, unless the entity

---

[11] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing this action as a private attorney general under either state of federal statutes.
*Lerma v. Chin, et al.*

Plaintiff's Complaint

1 | can demonstrate that making such modifications would fundamentally alter

2 | their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

3 | 126. Here, Yum Yum Donuts Defendant violated the ADA by failing to

4 | make reasonable modifications in policies, practices, or procedures at the Yum

5 | Yum Donuts Facility, when these modifications were necessary to afford (and

6 | would not fundamentally alter the nature of) these goods, services, facilities, or

7 | accommodations.

8 | 127. Lerma seeks all relief available under the ADA (i.e., injunctive

9 | relief, attorney fees, costs, legal expense) for these aforementioned violations.

10 | 42 U.S.C. § 12205.

11 | 128. Lerma also seeks a finding from this Court (i.e., declaratory relief)

12 | that Yum Yum Donuts Defendant violated the ADA in order to pursue damages

13 | under California's Unruh Civil Rights Act or Disabled Persons Act.

14 | <div align="center">XV. TENTH CLAIM</div>

15 | **<div align="center">Disabled Persons Act</div>**

16 | <div align="center">(Yum Yum Donuts Defendant)</div>

17 | 129. Lerma incorporates the allegations contained in paragraphs 1

18 | through 37 for this claim.

19 | 130. California Civil Code § 54 states, in part, that: Individuals with

20 | disabilities have the same right as the general public to the full and free use of

21 | the streets, sidewalks, walkways, public buildings and facilities, and other

22 | public places.

23 | 131. California Civil Code § 54.1 also states, in part, that: Individuals

24 | with disabilities shall be entitled to full and equal access to accommodations,

25 | facilities, telephone facilities, places of public accommodation, and other places

26 | to which the general public is invited.

27 |

28 |
*Lerma v. Chin, et al.*

Plaintiff's Complaint

132. Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

133. Here, Yum Yum Donuts Defendant discriminated against the physically disabled public – including Lerma – by denying them full and equal access to the Yum Yum Donuts Facility. Yum Yum Donuts Defendant also violated Lerma's rights under the ADA, and therefore, infringed upon or violated (or both) Lerma's rights under the Disabled Persons Act.

134. For each offense of the Disabled Persons Act, Lerma seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

135. He also seeks to enjoin Yum Yum Donuts Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XVI. ELEVENTH CLAIM

### Unruh Civil Rights Act

(Yum Yum Donuts Defendant)

136. Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

137. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

138. California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

*Lerma v. Chin, et al.*

Plaintiff's Complaint

139. California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

140. Yum Yum Donuts Defendant aforementioned acts and omissions denied the physically disabled public – including Lerma – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

141. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Lerma by violating the Unruh Act.

142. Lerma was damaged by Yum Yum Donuts Defendant wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

143. Lerma also seeks to enjoin Yum Yum Donuts Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XVII. TWELVTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(Yum Yum Donuts Defendant)

144. Lerma incorporates the allegations contained in paragraphs 1 through 37 of this claim.

145. Health and Safety Code § 19955(a) states, in part, that: California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

146. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

*Lerma v. Chin, et al.*

Plaintiff's Complaint

147. Lerma alleges the Yum Yum Donuts Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Yum Yum Donuts Facility was not exempt under Health and Safety Code § 19956.

148. Yum Yum Donuts Defendant's non-compliance with these requirements at the Yum Yum Donuts Facility aggrieved (or potentially aggrieved) Lerma and other persons with physical disabilities. Accordingly, he seeks injunctive relief and attorney fees pursuant to Health and Safety Code § 19953.

## XIV. NINTH CLAIM

### Americans with Disabilities Act of 1990

Denial of "Full and Equal" Enjoyment and Use

(Baskin Robbins Defendant)

149. Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

150. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases a place of public accommodation. 42 U.S.C. § 12182(a).

151. Baskin Robbins Defendant discriminated against Lerma by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges and accommodations of the Baskin Robbins Facility during each visit and each incident of deterrence.

Failure to Remove Architectural Barriers in an Existing Facility

*Lerma v. Chin, et al.*

Plaintiff's Complaint

1   152. The ADA specifically prohibits failing to remove architectural

2   barriers, which are structural in nature, in existing facilities where such removal

3   is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily

4   achievable" is defined as "easily accomplishable and able to be carried out

5   without much difficulty or expense." Id. § 12181(9).

6   153. When an entity can demonstrate that removal of a barrier is not

7   readily achievable, a failure to make goods, services, facilities, or

8   accommodations available through alternative methods is also specifically

9   prohibited if these methods are readily achievable. Id. § 12182(b)(2)(A)(v).

10   154. Here, Lerma alleges that Baskin Robbins Defendant can easily

11   remove the architectural barriers at Baskin Robbins Facility without much

12   difficulty or expense, and that Baskin Robbins Defendant violated the ADA by

13   failing to remove those barriers, when it was readily achievable to do so.

14   155. In the alternative, if it was not "readily achievable" for Baskin

15   Robbins Defendant to remove the Baskin Robbins Facility's barriers, then

16   Baskin Robbins Defendant violated the ADA by failing to make the required

17   services available through alternative methods, which are readily achievable.

18                    Failure to Design and Construct and Accessible Facility

19   156. On information and belief, the Baskin Robbins Facility was

20   designed and constructed (or both) after January 26, 1992 – independently

21   triggering access requirements under Title III or the ADA.

22   157. The ADA also prohibits designing and constructing facilities or

23   first occupancy after January 16, 1993, that aren't readily accessible to, and

24   usable by, individuals with disabilities when it was structurally practicable to do

25   so. 42 U.S.C. § 12183(a)(1).

26   158. Here, Baskin Robbins Defendant violated the ADA by designing

27   and constructing (or both) the Baskin Robbins Facility in a manner that was not

28

*Lerma v. Chin, et al.*

Plaintiff's Complaint

1   readily accessible to the physically disabled public – including Lerma – when it
2   was structurally practical to do so.[12]

3   ## Failure to Make an Altered Facility Accessible

4   159.   On information and belief, the Baskin Robbins Facility was
5   modified after January 26, 1992, independently triggering access requirements
6   under the ADA.

7   160.   The ADA also requires that facilities altered in a manner that
8   affects (or could affect) its usability must be made readily accessible to
9   individuals with disabilities to the maximum extent feasible.   42 U.S.C. §
10  12183(a)(2).  Altering an area that contains a facility's primary function also
11  requires adding making the paths of travel, bathrooms, telephones, and drinking
12  fountains serving that area accessible to the maximum extent feasible. Id.

13  161.   Here, Baskin Robbins Defendant altered the Baskin Robbins
14  Facility in a manner that violated the ADA and was not readily accessible to the
15  physically disabled public – including Lerma – to the maximum extent feasible.

16  ## Failure to Modify Existing Policies and Procedures

17  162.   The ADA also requires reasonable modifications in policies,
18  practices, or procedures, when necessary to afford such goods, services,
19  facilities, or accommodations to individuals with disabilities, unless the entity
20  can demonstrate that making such modifications would fundamentally alter
21  their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

22  163.   Here, Baskin Robbins Defendant violated the ADA by failing to
23  make reasonable modifications in policies, practices, or procedures at the
24  Baskin Robbins Facility, when these modifications were necessary to afford
25  (and would not fundamentally alter the nature of) these goods, services,
26  facilities, or accommodations.

27

28  [12] Nothing within this Complaint should be construed as an allegation that plaintiff is bringing *Lerma v. Chin, et al.*

Plaintiff's Complaint

164.   Lerma seeks all relief available under the ADA (i.e., injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

165.   Lerma also seeks a finding from this Court (i.e., declaratory relief) that Baskin Robbins Defendant violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## XIX.   FOURTEENTH CLAIM

### Disabled Persons Act

(Baskin Robbins Defendant)

166.   Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

167.   California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

168.   California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

169.   Both sections specifically incorporate (by reference) and individual's rights under the ADA. See Civil Code §§ 54(c) and 54.1(d).

170.   Here, Baskin Robbins Defendant discriminated against the physically disabled public – including Lerma – by denying them full and equal access to the Baskin Robbins Facility. Baskin Robbins Defendant also violated Lerma's rights under the ADA, and therefore, infringed upon or violated (or both) Lerma's rights under the Disabled Persons Act.

---

this action as a private attorney general under either state of federal statutes.
*Lerma v. Chin, et al.*

Plaintiff's Complaint

171.   For each offense of the Disabled Persons Act, Lerma seeks actual damages (both general and special damages), statutory minimum damages of one thousand dollars ($1,000), declaratory relief, and any other remedy available under California Civil Code § 54.3.

172.   He also seeks to enjoin Baskin Robbins Defendant from violating the Disabled Persons Act (and ADA) under California Civil Code § 55, and to recover reasonable attorneys' fees and incurred under California Civil Code §§ 54.3 and 55.

## XX.   FIFTEENTH CLAIM

### Unruh Civil Rights Act

(Baskin Robbins Defendant)

173.   Lerma incorporates the allegations contained in paragraphs 1 through 37 for this claim.

174.   California Civil Code § 51 states, in part, that:  All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

175.   California Civil Code § 51.5 also states, in part that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

176.   California Civil Code § 51(f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

177.   Baskin Robbins Defendant aforementioned acts and omissions denied the physically disabled public – including Lerma – full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of their physical disability).

*Lerma v. Chin, et al.*

Plaintiff's Complaint

178. These acts and omissions (including the ones that violate the ADA) denied, aided or incited a denial, or discriminated against Lerma by violating the Unruh Act.

179. Lerma was damaged by Baskin Robbins Defendant wrongful conduct, and seeks statutory minimum damages of four thousand dollars ($4,000) for each offense.

180. Lerma also seeks to enjoin Baskin Robbins Defendant from violating the Unruh Act (and ADA), and recover reasonable attorneys' fees and costs incurred under California Civil Code § 52(a).

## XXI. SIXTEENTH CLAIM

### Denial of Full and Equal Access to Public Facilities

(Baskin Robbins Defendant)

181. Lerma incorporates the allegations contained in paragraphs 1 through 37 of this claim.

182. Health and Safety Code § 19955(a) states, in part, that:  California public accommodations or facilities (build with private funds) shall adhere to the provisions of Government Code §4450.

183. Health and Safety Code § 19959 states, in part, that: Every existing (non-exempt) public accommodation constructed prior to July 1, 1970, which is altered or structurally repaired, is required to comply with this chapter.

184. Lerma alleges the Baskin Robbins Facility is a public accommodation constructed, altered, or repaired in a manner that violates Part 5.5 of the Health and Safety Code or Government Code § 4450 (or both), and that the Baskin Robbins Facility was not exempt under Health and Safety Code § 19956.

185. Baskin Robbins Defendant's non-compliance with these requirements at the Baskin Robbins Facility aggrieved (or potentially aggrieved) Lerma and

*Lerma v. Chin, et al.*

Plaintiff's Complaint

1   other persons with physical disabilities.  Accordingly, he seeks injunctive relief

2   and attorney fees pursuant to Health and Safety Code § 19953.

3                            XXII. PRAYER FOR RELIEF

4   WHEREFORE, Lerma prays judgment against Common Area Defendant for:

5       1. Injunctive relief, preventive relief, or any other relief the Court deems

6              proper.

7       2. Declaratory relief that Common Area Defendant violated the ADA for the

8              purposes of Unruh Act or Disabled Persons Act damages.

9       3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the

10             California Civil Code (but not both) according to proof.

11      4. Attorneys' fees, litigation expense, and costs of suit.[13]

12      5. Interest at the legal rate from the date of the filing of this action.

13                   XXIII.        PRAYER FOR RELIEF

14  WHEREFORE, Lerma prays judgment against Lee's Sandwiches Defendant for:

15      1. Injunctive relief, preventive relief, or any other relief the Court deems

16             proper.

17      2. Declaratory relief that Lee's Sandwiches Defendant violated the ADA for

18             the purposes of Unruh Act or Disabled Persons Act damages.

19      3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the

20             California Civil Code (but not both) according to proof.

21      4. Attorneys' fees, litigation expense, and costs of suit.[14]

22      5. Interest at the legal rate from the date of the filing of this action.

23                   XXIV.        PRAYER FOR RELIEF

24  WHEREFORE, Lerma prays judgment against Yum Yum Donuts Defendant for:

25

26  ---

    [13] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

27  [14] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

28  *Lerma v. Chin, et al.*

    Plaintiff's Complaint

1   1. Injunctive relief, preventive relief, or any other relief the Court deems
2      proper.
3   2. Declaratory relief that Yum Yum Donuts Defendant violated the ADA for
4      the purposes of Unruh Act or Disabled Persons Act damages.
5   3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the
6      California Civil Code (but not both) according to proof.
7   4. Attorneys' fees, litigation expense, and costs of suit.[15]
8   5. Interest at the legal rate from the date of the filing of this action.

9                          XXV. PRAYER FOR RELIEF

10  WHEREFORE, Lerma prays judgment against Baskin Robbins Defendant for:

11  1. Injunctive relief, preventive relief, or any other relief the Court deems
12     proper.
13  2. Declaratory relief that Baskin Robbins Defendant violated the ADA for the
14     purposes of Unruh Act or Disabled Persons Act damages.
15  3. Statutory minimum damages under either sections 52(a) or 54.3(a) of the
16     California Civil Code (but not both) according to proof.
17  4. Attorneys' fees, litigation expense, and costs of suit.[16]
18  5. Interest at the legal rate from the date of the filing of this action.

20  Dated: May 4, 2010

                                    K. Randolph Moore
                                    Attorney for Plaintiff

---

[15] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

[16] This includes attorneys' fees under California Code of Civil Procedure § 1021.5.

*Lerma v. Chin, et al.*

Plaintiff's Complaint

Page 40